```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND

_____
                            )
PRANDA JEWELRY PUBLIC       )
COMPANY LIMITED,            )
                            )
                            )
         Plaintiff,         )
                            )
    v.                      )     C.A. No. 20-025 WES
                            )
POSHMARK, INC. and          )
TANYA COST,                 )
                            )
         Defendants.        )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court are Defendant Tanya Cost's Motion to Dismiss, ECF No. 7, and Motion for a More Definite Statement, ECF No. 8. For the reasons set forth below, the Motion to Dismiss is DENIED, and the Motion for a More Definite Statement is GRANTED.

I.  Background

Plaintiff Pranda Jewelry Public Company Limited ("Pranda") is a Thailand-based jewelry manufacturer. Complaint ("Compl.") ¶¶ 1, 7-9, ECF No. 1. Defendant Tanya Cost ("Cost"), a Rhode Island resident, was formerly employed by Pranda North America, which imports and sells jewelry made by Pranda. Id. ¶¶ 2, 7. According to the Complaint, during her employment at Pranda North America, Cost allegedly "stole more than $100,000 worth of items that were

manufactured under contract by Pranda for numerous jewelry companies that sell jewelry in the United States." Id. ¶ 8.  Cost sold these items through a website belonging to PoshMark, Inc. ("PoshMark"), and shipped them to purchasers by mail.  Id. ¶¶ 10, 17.  As of January 14, 2020, Cost had made more than $68,000.00 in sales and had more than $32,000.00 worth of goods listed on PoshMark.  Id. ¶ 11.

On January 16, 2020, Pranda filed suit in this Court, asserting claims of conversion (Count I) and tortious interference with contract (Count II) against Cost and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, against both Cost and PoshMark.[1]  On April 29, 2020, Cost moved to dismiss all counts for failure to state a claim. Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 7.  Cost also moved for a more definite statement as to Count III.  Def.'s Mot. for a More Definite Statement, ECF No. 8.

II.  Standard of Review

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court takes as true well-pleaded allegations and draws all reasonable inferences to the plaintiff's advantage, Kader v. Sarepta

---

[1] The action, as it applies to Defendant PoshMark, Inc., has been dismissed with prejudice.  See Partial Stipulation of Dismissal with Prejudice, ECF No. 23.

Therapeutics, Inc., 887 F.3d 48, 56 (1st Cir. 2018), while setting aside conclusory statements and mere recitals of elements, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  To avoid dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Newton Covenant Church v. Great Am. Ins. Co., 956 F.3d 32, 35 (1st Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A motion for a more definite statement should be granted where "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

III. Discussion

    A.   Count I: Conversion

"To maintain an action for conversion, a plaintiff must establish that it was in possession of the [item], or entitled to possession of the [item], at the time of conversion" and that the defendant interfered with the plaintiff's right to possession by taking the item "without consent and exercising dominion over it inconsistent with the plaintiff's right to possession."  Narragansett Elec. Co. v. Carbone, 898 A.2d 87, 97 (R.I. 2006) (internal brackets and citation omitted).

Cost argues that this claim should be dismissed because Pranda offers nothing but bare assertions bereft of detail.  Def.'s Mem.

3

in Supp. of Mot. to Dismiss ("Mot. to Dismiss") 3-4, ECF No. 7-1. But to survive a 12(b)(6) motion, "a high degree of factual specificity is not required." Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012). Pranda alleges that, during Cost's employment at Pranda North America, Cost stole some $100,000.00 worth of items which Pranda was meant to control, and that she subsequently sold more than 100 of these items on the PoshMark website, for a total of more than $68,000.00. Compl. ¶¶ 7-11. Given the liberal standard of review, these details are sufficient to state a plausible claim for relief.

    B.   Count II: Tortious Interference with Contract

A claim for tortious interference with contract requires the plaintiff to show that: (1) a contract exists; (2) the defendant knew about the contract; (3) the defendant intentionally interfered with the contract; and (4) damages resulted from the interference. See Coccoli v. Town of Scituate Town Council, 184 A.3d 1113, 1120 (R.I. 2018).As with the conversion claim, Cost argues that Pranda gives little more than a recitation of elements. Mot. to Dismiss 5-6. However, Pranda specifically alleges the existence of manufacturing contracts with "major jewelry companies in the United States," which contracts require Pranda to "maintain control" of the goods, so that they can be exclusively brought to market by the aforementioned jewelry companies. Compl. ¶¶ 9, 29. Pranda also alleges that Cost was aware of these contracts and

4

their requirements due to the circumstances of her employment at Pranda North America. Id. ¶ 9, 29; see Ira Green, Inc. v. Military Sales & Serv. Co., No. CA 10-207-M, 2012 WL 2178984, at *1 (D.R.I. June 13, 2012) (quoting DiBiasio v. Brown & Sharp Mfg. Co., 525 A.2d 489, 493 (R.I. 1987) (finding that "[k]nowledge of facts that would lead a reasonable person to believe that such a contractual relationship exists may be sufficient" to establish second prong). Pranda's allegations satisfy the first two elements.

Finally, the Complaint meets the third prong – intentionality – insofar as its allegations, taken together and read in a common sense manner, indicate that Cost removed items from Pranda's possession despite knowledge that doing so would "retard[], make[] more difficult, . . . prevent[] performance, . . . make[] performance less valuable," or otherwise significantly disrupt Pranda's contractual relations. New England Multi-Unit Hous. Laundry Ass'n v. Rhode Island Hous. & Mortg. Fin. Corp., 893 F. Supp. 1180, 1192 (D.R.I. 1995); see Compl. ¶¶ 8-9, 29-30. Cost raises no issue concerning the fourth prong. Accordingly, Pranda states a plausible claim for relief.

   C.  Count III: RICO Violation

Cost asks the Court either to dismiss the RICO claim or to direct Pranda to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Mot. to Dismiss 6-7; Mem.

5

in Supp. of Def.'s Mot. for a More Definite Statement 2-3, ECF No. 8-1.  The latter is more appropriate at this juncture.

A motion for a more definite statement "must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  Such a motion is appropriate where the pleading fails to "give[] notice of the claim or claims asserted therein."  Wheelock v. Rhode Island, No. CA 06-366 S, 2006 WL 3391507, at *1 (D.R.I. Nov. 22, 2006).  Here, Pranda twice identifies 18 U.S.C. § 1341, which prohibits mail fraud, as the predicate for its RICO claim.[2]  See Compl. ¶¶ 33-34.  However, Pranda attributes language to Section 1341 that is not there.  See Compl. ¶ 33.  Moreover, Pranda frames some of its RICO-related allegations around this language.  See, e.g., id. ¶ 36.

Cost reasonably asks that Pranda resolve this ambiguity.  Consequently, Pranda must clarify the legal basis (or bases) of its RICO claim, so that Cost can form a proper response.  Once Pranda has done so, the Court may consider whether the claim should be dismissed under Rule 12(b)(6), in the event Cost files a renewed motion.

IV.  CONCLUSION

---

[2]  A RICO claim requires the plaintiff to show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 14-15 (1st Cir. 2000).  The racketeering activities that serve as possible "predicates" for a RICO violation are set forth in 18 U.S.C. 1961(1).  Id.

6

Based on the foregoing reasons, Defendant Tanya Cost's Motion to Dismiss, ECF No. 7, is DENIED, while her Motion for a More Definite Statement, ECF No. 8, is GRANTED.  Plaintiff has thirty days to amend its Complaint to clarify Count III.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date: July 29, 2020